# Dudley *v.* Suddoth.

*Action on Promissory Note, by Assignee against Maker.*

1. *Assignment of patent right; certainty in description of territory.*
An assignment by deed of the right to make, use and sell a patented
article, for a term of years, "within the southern half of Alabama, less
Chambers county," is not void for uncertainty.

APPEAL from the Circuit Court of Russell.
Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by John A. Suddoth, against William
F. Dudley, and was commenced on the 15th March, 1888.
The action was founded on the defendant's two promissory
notes, for $500 each, which were executed in Columbus, Geor-
gia, payable on the 25th December, 1886, and 1887, respec-
tively, payable to W. E. Venable or bearer, and by him assgned
to the plaintiff. The defendant filed a special plea, alleging
that the only consideration of the notes was the sale and as-
signment to him by said Venable of the exclusive right to
make, use and sell, within a designated territory, for the term
of seventeen years, a certain patented plow; that the assign-
ment "is void for uncertainty, and the consideration thereof
has wholly failed." The plea set out the deed of assignment,

[Dudley v. Suddoth.]

which described the territory conveyed by it as "within the southern half of Alabama, less Chambers county." The court sustained a demurrer to the plea, and its judgment is here assigned as error.

L. W. MARTIN, for appellant.

J. B. MITCHELL, and NORMAN & SON, contra.

McCLELLAN, J.—The sale, grant, and assignment of the right to make, use and vend a certain patented article for a certain time, "within the southern half of Alabama, less Chambers county," is not void for uncertainty. There could be no practical difficulty in accurately defining the boundaries within which the right thus granted is to be enjoyed. A line drawn east and west across the State, at and between such points on the Georgia and Mississippi boundaries as would leave one half of the territory of Alabama on either side of it, would mark the northern boundary of the territory intended to be embraced in the words "the southern half of Alabama." If the county of Chambers, or any part of it, is found to be, as the parties supposed, south of such line, it is excepted from the grant, and the grantee's right to make, use and vend the patented article would cover that part only of the southern half of the State not embraced in the limits of that county. If, on the other hand, no part of Chambers county is South of such line, then the right granted pertains to a full one-half of the State's territory. So that, in any event as to the location of the county of Chambers, with respect to the line dividing the territory of the State into two equal parts, the territory intended to be covered by the grant, and which is embraced in its terms, is practically, even easily, ascertainable; and, under the maxim, "Id certum est quod certum reddi potest," is in legal contemplation certain and definite.—Moore & Handley Hardware Co. v. Tower Hardware Co., 87 Ala. 206, and citations; s. c., 13 Am. St., and Notes.

The plea, which set up a want of consideration because of the supposed uncertainty, and consequent invalidity of this grant, for the notes given in consideration of it, was insufficient, the demurrer to it was properly sustained, and, the court's action to that end being the only matter assigned as error, the judgment is affirmed.